IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 2:23-CR-0008-Z-BR-(1) |
| | § | |
| ERNEST JONES, III, | § | |
| | § | |
| Defendant. | § | |

**MOTION FOR RELEASE PENDING APPEAL AND BRIEF**

TO THE HONORABLE JUDGE OF SAID COURT:

Ernest Jones, III ("Jones") by and through his court-appointed attorney, Channy F. Wood, moves the court for an Order of Release Pending Appeal pursuant to 18 U.S.C.A. §§ 3143(b) and 3145(c) releasing Jones pending the appeal of this case. The appeal in this case is not taken for the purposes of delay; to the contrary, the appeal raises substantial questions of law or fact likely to result in reversal or a new trial. Jones does not pose a danger to any other person or the community and he is not likely to flee. In support of this motion, Jones presents the following:

**LAW AND DISCUSSION.**

1.    On March 24, 2023 Jones pled guilty to count one of a four count indictment consisting of: Four counts of Controlled Substances User or Addict in Possession of a Firearm, in violation of 18 U.S.C.A. § 922(g)(3) and § 924 (a)(4). The alleged offense dates were February 24, 2022, May 20, 2022, June 19, 2022 and August 12, 2022. None of these offenses is included in those specified in (A), (B) or (C) of 18 U.S.C.A. § 3142(f).

2.      The authority for release pending appeal is found in 18 U.S.C.A. § 3143(b). In order to qualify for release under 18 U.S.C.A. § 3143(b), a convicted defendant must demonstrate by clear and convincing evidence: (1) That he is not likely to flee or pose a danger to the safety of any other person or the community if released; (2) That the appeal is not for purposes of delay; and (3) That the appeal raises a substantial question of law or fact that if determined favorably to the defendant on appeal, that decision is likely to result in reversal or an order for new trial. *See, U.S. v. Valera-Elizondo, 761 F.2d 1020, 1025 (5th Cir. 1985)* (rejected by, *U.S. v. Smith*, 793 F.2d 85 (3d Cir. 1986). The requirements of § 3143(b) at first blush appear to put the district court in the unenviable position of passing judgment on its own decisions to deny motions for mistrial and motions for a new trial. However, the congressional intent of § 3143(b) has been elucidated in the past few years by appellate courts who have rendered the initial presumed test a nullity. Section 3143(b) does not require the district court to predict whether its decisions will be reversed at the appellate level, a task well beyond the expertise of the most scholarly judicial officer, but instead, asks the district court to make two vital determinations: (1) What is the nature of each of the appellate issues relative to the case in total? (2) Assuming a success on the part of the appellant, what would be the extent of a favorable outcome on any one of the issues? *Valera-Elizondo*, 761 F.2d at 1022–25; *U.S. v. Pollard*, 778 F.2d 1177, 1182, 19 Fed. R. Evid. Serv. 593 (6th Cir. 1985) (rejected by, *U.S. v. Smith*, 793 F.2d 85 (3d Cir. 1986).

3.      The question of what constitutes a substantial question has been considered numerous times by appellate courts in analyzing issues under 18 U.S.C.A. § 3143(b)(1)(B)(i) and (ii). The courts have held that an appeal raises a substantial question when the appeal presents a "close question or one that could go either way" in that the question "is so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur

if the question is decided in the defendant's favor." *Pollard*, 778 F.2d at 1182, *citing* 761 F.2d 1227 (8th Cir.1985) (*en banc*), *cert. denied* 476 U.S. 1104, 106 S.Ct. 1947, 90 L.Ed.2d 357 (1986); *U.S. v. Powell*, 761 F.2d 1227, 79 A.L.R. Fed. 649 (8th Cir. 1985) (*rejected by*, *U.S. v. Smith*, 793 F.2d 85 (3d Cir.1986)); *see also, Valera-Elizondo*, 761 F.2d at 1025.

4.      The Bail Reform Act distinguishes between two categories of crimes to determine eligibility for release. The first category applies to defendants convicted of crimes not listed in [18 U.S.C.A.] [S]ection 3142(f)(1)(A), (B), and (C) and allows for release when the trial judge finds certain conditions satisfied. *See* 18 U.S.C.A. § 3143(b)(1).  *U.S. v. DiSomma*, 951 F.2d 494, 496 (2d Cir. 1991). Since Jones was not convicted of a crime listed in 18 U.S.C.A. § 3142(f)(1)(A), (B), and (C), he must only meet the standard conditions for release found in 18 U.S.C.A. § 3143(b). *See also*, *U.S. v. Eaken*, 995 F.2d 740, 741 (7th Cir. 1993).

5.      Jones satisfies all the prongs of the test for release pending appeal. First of all, Jones does not pose a risk of flight nor is he a danger to the community. *See* 18 U.S.C.A. § 3143(b)(1)(A). Jones also does not pose a danger to the community. Jones only has minimal criminal history, including a March 8, 2016 conviction for Interference with an Emergency Call to which he pled guilty; a March 8, 2016 conviction for Possession of Drug Paraphernalia to which he pled guilty; a July 28, 2016 conviction for Violation of a Protective Order, to which he pled guilty; other minor traffic offense charges for No Driver's License, No Seatbelt, Failure to Maintain Financial Responsibility, and Racing on the Highway; and, a charge for Unlawful Carrying a Weapon. The subject offense on which Jones seeks appeal and dismissal allegedly occurred in 2022. Jones has lived in Amarillo, Texas his entire life. Jones' mother, step-father, child and mother of his child all live in Amarillo, Texas. At the time of his arrest and incarceration, Jones was living with his child, mother of his child and her daughter in a home

they shared in Amarillo, Texas. Jones' desire is to return to that living arrangement during the pendency of his appeal.

6.    Jones' appeal will not be filed for purposes of delay and will raise several substantial questions of law and fact likely to result in reversal or a new trial. *See* 18 U.S.C.A. § 3143(b)(1)(B). In this connection, Jones was sentenced for violating 18 U.S.C.A. § 922(g)(3) on August 3, 2023 and on August 9, 2023, the Fifth Circuit Court of Appeals declared that same statute unconstitutional under the the Second Amendment based upon facts very similar to those supporting Jones' guilty plea. *U. S. v. Daniels*, -- F. 4th -- 2023WL5091317 ( 5th Cir. August 9, 2023),  More specifically, Jones was arrested resulted from a traffic stop for a minor traffic law violation in which the officer detected the odor of marihuana coming from the car. As a result, Jones was questioned and admitted to using marihuana and admitted to having a small quality of marihuana in the car. During the course of the traffic stop interview, Jones volunteered that there was a firearm in his vehicle and that he was a marihuana user. In the *Daniels* case, the defendant's arrest resulted from a minor traffic law violation. *Daniels*, -- F. 4th --, 2023 WL5091317 *1  During the course of the traffic stop the officer detected the odor of marihuana and searched the car on that basis. During the search, the officer discovered two firearms and butts from marihuana cigarettes. During the interview following his arrest, Daniels admitted that he regularly used marihuana. *Id.* The facts giving rise to both arrest and supporting the charges under 18 U.S.C.A. § 922(G)(3) are strikingly similar.

7.    After analyizing the facts of Mr. Daniel's arrests and his conviction under the principles of the Unitied States Surprene Court's opinion in *N.Y. State Rifle & Pistol Ass'n v. Bruen*, -- U. S. --, 142 S. Ct. 2111, 2126 (2022), the 5th Circuit Court of Appeals found that 18 U.S.C.A. 922(g)(3) violated Mr. Daniels Second Amendment right to bear arms, and as a result,

is unconstitutional. *Daniels*, -- F. 4th --, 2023 WL5091317 *15. Addressing the first prong of the *Bruen* analysis, the Court found that "[E}ven as a marihuana user, Daniels is a member of our political community. Therefore, he has a presumptive right to bear arms. By infringing on that right, 922(g)(3) contradicts the plain text of the Second Amendment." *Id. at* *3.

8.      Next, the Court considered the final prong of the *Bruen* analysis – whether the regulation is consistent with our nation's historical traditions of firearm regulation. As to this element, the Court found that modern day marihuana user's are more like repeat alcohol users of the 18th and 19th centuries, to which there were no restrictions on bearing arms than they are to British Loyalist during the Revolution which were restricted in their right to bear arms. *Id.* at *14. Jones' chances for a dismissal of his charges on appeal are very strong.

9.      The issues listed are merely a nonexclusive listing of issues which are "substantial questions" as contemplated by 18 U.S.C.A. § 3143(b), and which would, if resolved favorably to Jones on appeal, result in reversal of his conviction and the dismissal of the charges against him. Additionally, pursuant to Rule 38 of the Federal Rules of Criminal Procedure, Jones requests the court to stay the execution of any fine or order of restitution imposed.

**CONCLUSION**

10.      WHEREFORE, for the reasons set forth above, Jones requests the court to enter the tendered order releasing him on bond pending appeal and to stay any fine or restitution imposed.

Case 2:23-cr-00008-Z-BR    Document 44    Filed 08/23/23    Page 6 of 6    PageID 131

Respectfully submitted,

By: _____

Channy F. Wood
SBN 00791954
E-mail: cwood@woodlawfirm-tx.com
WOOD LAW FIRM, LLP
Physical: 610 S.W. 11th Avenue (79101)
Mailing: P.O. Box 1439
Amarillo, Texas 79105-1439
Telephone: 806.372.9663
Facsimile: 806.372.9664

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF CONFERENCE

I certify that on August 10, 2023, I conferred with Jeffrey Haag and confirmed that the

government is opposed to the Court granting this request.

_____
Channy F. Wood

## CERTIFICATE OF SERVICE

I certify that on August 23, 2023, I electronically filed the foregoing document with the clerk for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a Notice of Electronic Filing to Anna Marie Bell, Joshua Jerome Frausto, Jeffrey R. Haag, and Meredith Pinkham, Assistant United States Attorneys, the attorneys of record in this case, who has consented in writing to accept this Notice as service of this document by electronic means.

_____
Channy F. Wood