IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

UNITED STATES OF AMERICA

v.                                                      NO. 2:23-CR-008-Z

ERNEST JONES, III

**GOVERNMENT'S RESPONSE OPPOSING JONES'S
MOTION FOR RELEASE PENDING APPEAL**

The Court should deny Jones's motion for release pending appeal, *see* 18 U.S.C.

§ 3143(b), because it falls far short of showing that he is entitled to the extraordinary and

disfavored relief he seeks.

**1.      Judge Reno finds Jones a danger to others and Jones pleads guilty.**

On January 13, 2023, the Honorable Lee Ann Reno conducted a detention hearing

and found that "there are no conditions of release available to ensure the safety of any

other person and the community." (Dkt. 14 at p. 1.) Accordingly, she ordered Jones

detained pending trial. *See id*.

On March 24, 2023, Jones pleaded guilty to count one of the indictment,

Controlled Substances User or Addict in Possession of a Firearm, in violation of 18

U.S.C. §§ 922(g)(3), 924(a)(2). (Dkts. 23, 24, 27, 29.) On August 3, 2023, this Court

sentenced Jones to 46 months imprisonment and a three-year term of supervised release.

(Dkts. 36, 40.)

Jones now seeks be released pending appeal. (Dkt. 44.) The only issue he

identifies is the constitutionality of 18 U.S.C. § 922(g)(3) after *United States v. Daniels*,

No. 22-60596, 2023 WL 5091317, at *1 (5th Cir. Aug. 9, 2023). (Dkt. 44 at pp. 4-5.)

**2.      Jones must meet the Fifth Circuit's four-prong test to overcome the presumption that he should be detained pending appeal.**

Section 3143(b) creates a presumption in favor of detention pending appeal.  *See* 18 U.S.C. § 3143(b); *see also United States v. Clark*, 917 F.2d 177, 181 (5th Cir. 1990) (denying bail pending appeal because the defendant failed to "rebut the presumption" of Section 3143).  "To obtain release pending appeal, a convicted defendant must establish four factors: (1) that he is not likely to flee or pose a danger to the safety of others; (2) that the appeal is not for purpose of delay; (3) that the appeal raises a substantial question of law or fact; and (4) that the substantial question, if decided favorably to the defendant, is likely to result in reversal, in an order for a new trial, in a sentence without imprisonment, or in a sentence with reduced imprisonment."  *Clark*, 917 F.2d at 179–80 (citing Fed. R. App. P. 9(c) and 18 U.S.C. § 3143(b)).  A "'substantial question' means that the issue presented must raise a substantial doubt (not merely a fair doubt) as to the outcome of its resolution."  *United States v. Valera-Elizondo*, 761 F.2d 1020, 1024 (5th Cir. 1985).

**3.      Jones has not offered clear and convincing evidence that he is not a danger to others or the community.**

To release Jones, this Court must find by clear and convincing evidence that Jones is not likely to flee or pose a danger to any other person or the community.  18 U.S.C. § 3143(b)(1)(A).  As noted, Judge Reno found that Jones was a danger to others and the community.  (Dkt. 14.)  Jones has not provided any evidence that would refute her

finding or otherwise cause this Court to reconsider the issue. Because Jones has failed to carry his burden on this issue, the Court should deny his motion.

The government has no reason to believe that Jones is appealing for the purpose of delay. That leaves the final two questions in this Court's four-part inquiry. In his motion, Jones identifies only one "substantial question" that he intends to raise in his upcoming appeal—the constitutionality of 18 U.S.C. § 922(g)(3). But applying these well-settled principles, Jones fails to show that his argument presents substantial doubt as to the outcome of the resolution of his appeal.

**4.    Jones fails to show that his constitutional challenge is a "substantial question" that overcomes the presumption of detention.**

To determine whether Jones's proposed issue is "substantial," this Court necessarily must weigh its merits. Jones clings to *Daniels*, but he misreads that opinion.

The *Daniels* Court explicitly stated that its decision held only that 922(g)(3) was unconstitutional *as applied* to Daniels, not on its face: "We conclude only by emphasizing the narrowness of that holding. We do not invalidate the statute in all its applications, but, importantly, only as applied to Daniels." *Daniels*, 2023 WL 5091317, at *15.

Jones waived any as-applied constitutional challenge by pleading guilty. *See United States v. Riddle*, 67 F. App'x 248 (5th Cir. 2003) ("A valid unconditional guilty plea waives all non-jurisdictional defects in the trial court proceedings against a defendant, including an as-applied constitutional challenge to a statute."). Accordingly,

he is in a much different position than the defendant in Daniels.  For Jones to prevail, he would need to establish that 18 U.S.C. § 922(g)(3) is facially unconstitutional.

The United States Court of Appeals for the Fifth Circuit has held, pre-*Bruen*, that Section 922(g)(3) is facially constitutional.  *See United States v. May*, 538 F. App'x 465, 466 (5th Cir. 2013) (citations omitted).  Post-*Bruen*, a district court in the Fifth Circuit— as well as other district courts—have held Section 922(g)(3) facially constitutional.  *See United States v. Gil*, No. EP-22-CR-773-DB, 2023 WL 4356067, at *7 (W.D. Tex. July 5, 2023).  *But see United States v. Connelly*, No. EP-22-CR-229(2)-KC, 2023 WL 2806324, at *1 (W.D. Tex. Apr. 6, 2023).  Consequently, Jones has failed to raise a substantial question of law.

### CONCLUSION

The Court should deny Jones's motion for release because he fails to carry his lofty burden under Section 3143(b).

Respectfully submitted,

LEIGHA SIMONTON
UNITED STATES ATTORNEY


s/ Jeffrey R. Haag
JEFFREY R. HAAG
Assistant United States Attorney
West Texas Branch Chief
Texas State Bar No. 24027064
1205 Texas Avenue, 7th Floor
Lubbock, Texas 79401
Telephone:    806.472.7559
Facsimile:    806.472.7394
E-mail:        jeffrey.haag@usdoj.gov